08-4556-ag
Strumi v. Holder
BIA
Straus, IJ
A095 476 744

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of February, two thousand ten.

**PRESENT:**

>        **DENNIS JACOBS,**
>                **<u>Chief Judge</u>,**
>        **PIERRE N. LEVAL,**
>        **PETER W. HALL,**
>                **<u>Circuit Judges</u>.**

_____

**RONALD STRUMI,**
>        **<u>Petitioner</u>,**

>        **v.**                                     **08-4556-ag**
>                                                   **NAC**

**ERIC H. HOLDER JR., ATTORNEY GENERAL,**[1]
>        **<u>Respondent</u>.**


_____

**FOR PETITIONER:**          **Glenn T. Terk, Wethersfield, Connecticut.**

---

[1]   Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**FOR RESPONDENT:** Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Benjamin J. Zeitlin, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Ronald Strumi, a native and citizen of Albania, seeks review of an August 20, 2008 order of the BIA dismissing his appeal from the January 4, 2007 decision of Immigration Judge ("IJ") Michael W. Straus, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and seeks a stay of the voluntary departure period. *In re Ronald Strumi*, No. 095 476 744 (B.I.A. Aug. 20, 2008), *aff'g* No. 095 476 744 (Immig. Ct. Hartford Jan. 4, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA's decision, i.e., minus the arguments

2

for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B), *Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 100 (2d Cir. 2008).

Substantial evidence supports the agency's conclusion that conditions in Albania have fundamentally changed such that Strumi does not have a well-founded fear of persecution despite his showing of past persecution. *See* 8 C.F.R. § 1208.13(b)(1)(i); *see also Hoxhallari v. Gonzales*, 468 F.3d 179, 187 (2d Cir. 2006) (per curiam) (affirming agency's finding that an applicant was ineligible for asylum and withholding of removal based on material political changes in Albania). Strumi argues that the agency erred in relying upon two State Department reports to find that conditions in Albania had fundamentally changed given that he had presented evidence demonstrating the contrary, and that the agency failed to make an individualized determination as to how the changed circumstances would specifically affect him.

3

However, as this Court has previously found, "there is no doubt that there has been a fundamental change in the political structure and government of Albania." *Hoxhallari*, 468 F.3d at 188. Moreover, the agency did conduct an individualized analysis as to how the fundamental change in Albania affected Strumi's particular claim, which was based on the expression of his political opinion. Accordingly, the agency reasonably determined that the Government had successfully rebutted the presumption of a well-founded fear of persecution with a showing of a fundamental change in circumstances in Albania. *See* 8 U.S.C. § 1252(b)(4)(B); 8 C.F.R. § 1208.13(b)(1)(i).

The agency also did not abuse its discretion in concluding that Strumi did not warrant a grant of "humanitarian asylum." *See* 8 C.F.R. § 1208.13(b)(1)(iii) (providing that an applicant "may be granted asylum, in the exercise of the decision-maker's discretion" even in the absence of a well-founded fear of persecution); 8 U.S.C. § 1252(b)(4)(D) (providing that we may overturn a discretionary denial of asylum only if it is "manifestly contrary to the law and an abuse of discretion"); *Wu Zheng Huang v. INS*, 436 F.3d 89, 96 (2d Cir. 2006). Humanitarian

4

asylum has been reserved for applicants who have suffered "atrocious forms of persecution." *Matter of Chen*, 20 I.&N. Dec. 16, 19 (BIA 1989). This Court has found that an applicant must demonstrate "long-lasting physical or mental effects of his persecution" in order to warrant a humanitarian grant of asylum. *Omaro Jalloh v. Gonzales*, 498 F.3d 148, 152 (2d Cir. 2007). While Strumi was subject to physical assaults and death threats by security forces, we cannot find that the agency acted arbitrarily or capriciously in determining that this mistreatment did not rise to the extreme level required for humanitarian asylum. *See id*; *see also Hoxhallari*, 468 F.3d at 184 (upholding the denial of humanitarian asylum to a supporter of the Democratic Party in Albania who had been beaten and harassed on six occasions).

We are also unpersuaded by Strumi's due process claim based on the IJ's alleged bias against him. While the IJ expressed his belief that Strumi was not a truthful witness, he nonetheless acknowledged that in light of the BIA's order, he was required to presume that Strumi had endured past persecution. Moreover, the BIA explicitly disavowed the IJ's remarks as to Strumi's credibility. In these

5

circumstances, we do not find that Strumi received anything less than a full and fair opportunity to present his claims. *See Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008); *Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008).

Finally, Strumi has waived any challenge the agency's denial of his application for withholding of removal and CAT relief. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.7 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. In addition, Strumi's motion for a stay of the voluntary departure period is DENIED. *See Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir. 2006). As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk